IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY FOLLMAN, Individually and on behalf of a class, | ) ) | |
| | ) | No. 07 C 3767 |
| Plaintiff, | ) | |
| | ) | Judge Virginia M. Kendall |
| v. | ) | |
| | ) | |
| VILLAGE SQUIRE, INC., | ) | |
| and Does 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Larry Follman ("Follman") has filed a putative class action against Village Squire, Inc. alleging that Defendant Village Squire, Inc. ("VSI") provided Follman with a computer-generated cash register receipt that displayed Follman's credit card expiration date.[1] Follman alleges that the inclusion of the expiration date on the cash register receipt violates the truncation requirement of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"), codified at 15 U.S.C. § 1681c(g). Section 1681c(g) provides, in pertinent part, that:

> [N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the *cardholder* at the point of the sale or transaction.

---

[1]Follman is also the plaintiff in a putative class action against Hospitality Plus of Carpentersville, Inc. in which he alleges an identical violation of FACTA and is represented by the same counsel as in this case. *See Follman v. Hospitality Plus of Carpentersville, Inc.*, No. 07 C 2934, 2007 U.S. Dist. LEXIS 77440, (N.D. Ill. Oct. 17, 2007).

(emphasis added). Follman alleges that VSI violated § 1681c(g) by providing him with a receipt that included his card's expiration date. Follman's Complaint includes no allegations regarding actual damages; instead, Follman seeks statutory damages, attorneys' fees, expenses and costs, and punitive damages.

Now before the Court is VSI's Motion to Dismiss. VSI advances three arguments in support of its Motion: (1) there is no private right of action to enforce § 1681c(g); (2) Follman's Complaint does not plead facts sufficient to state a plausible claim for a willful violation of § 1681c(g); and (3) Follman's request for statutory damages in the absence of actual injury violates principles of due process and recognized tort law. None of these arguments has merit. Indeed, each of VSI's arguments has been repeatedly reject by a number of federal district courts. Accordingly, and for all of the reasons set forth herein, VSI's Motion to Dismiss is denied.

## STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal, not factual, sufficiency of a complaint. *See Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675-76 (7th Cir. 2001). When reviewing a motion to dismiss, courts must accept all well-pleaded factual allegations in the complaint and must draw reasonable inferences from those facts in favor of the Plaintiff. *Richards v. Kiernan*, 461 F.3d 880, 882 (7th Cir. 2006). In general, a complaint filed in federal court need only provide enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and the allegations therein must demonstrate that the plaintiff's entitlement to relief is plausible, rather than merely speculative. *Lang v. TCF Nat'l Bank*, No. 07-1415, 2007 U.S. App. LEXIS 22588, *5 (7th Cir. Sep. 20, 2007) (citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (additional citations omitted)). The

2

Seventh Circuit has read the Supreme Court's decisions in *Bell Atlantic* and *Erickson v. Pardus*, 127 S. Ct. 2197 (2007) (decided two weeks after *Bell Atlantic*) "to be saying only that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under [Fed. R. Civ. P.] 8." *Killingsworth v. HSBC Bank Nev., Nevada, N.A.*, No. 06-1616, 06-2178, 2007 U.S. App. LEXIS 26124, *8 (7th Cir. Nov. 9, 2007) (citing *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7 th Cir. 2007).

## DISCUSSION

**I.      15 U.S.C. § 1681n Confers a Private Right of Action to Enforce 15 U.S.C. § 1681c(g).**

The FACTA provides a private right of action for willful noncompliance at 15 U.S.C. § 1681n, which provides that:

> (a) Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any *consumer* is liable to that *consumer* in an amount equal to the sum of –
> (1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000; . . .
> (2) such amount of punitive damages as the court may allow; and
> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

(emphasis added). "That with these words Congress created a private right of action for *consumers* cannot be doubted." *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002) (emphasis added). What this Court is called upon to determine first in this case is whether § 1681n permits a consumer to sue for violation of § 1681c(g), which establishes requirements for cash register receipts provided to "cardholders" as opposed to "consumers."

3

Follman alleges that VSI failed to comply with the Truncation Requirement when it provided him with a receipt that included his card's expiration date. VSI argues that there can be no private right of action to enforce the requirements of § 1681c(g) because that section establishes requirements with respect to "cardholders," while § 1681n creates a private right of action in favor of "consumers" (not "cardholders") for the failure to comply with requirements "with respect to any consumer" (not with respect to "cardholders"). VSI argues that if Congress had intended to establish a private right of action for a violation of § 1681c(g), it would have drafted that section's prohibitions to apply to consumers or would have amended § 1681n to provide a private right of action in favor of cardholders as well as consumers.

When the words of a statute are unambiguous, statutory construction begins and ends with the plain language of the statute; when the words of a statute are unambiguous, "judicial inquiry is complete." *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 461-62 (2002). In this case, the unambiguous language of the statutory sections at issue provides a private right of action for consumers to enforce the requirements of § 1681c(g). Follman, an individual, is a "consumer" under the FACTA. *See* 15 U.S.C. § 1681a(c). And the FACTA, at § 1681n, provides a right of action for consumers to enforce requirements of the FACTA so long as the suit concerns a failure to comply with the requirements of the FACTA "with respect to any consumer." VSI's argument that § 1681n creates no private right of action for "cardholders" is unavailing because: (1) Follman is a consumer; and (2) the allegation that VSI failed to comply with §1681c(g) when it gave Follman a receipt that included the expiration date of his card is an allegation that VSI failed to comply with a statutory requirement with respect to a consumer: Follman.

It is of no moment that, inasmuch as a "cardholder" might be an entity as opposed to an individual, § 1681c(g) protects a broader class than just consumers. Section 1681c(g) is "clearly intended for the protection of consumers, even if it applies broadly to both individual cardholders and entity cardholders. If a defendant willfully . . . fails to comply with § 1681c(g) with respect to any consumer, that consumer has a private right of action under . . . § 1681n." *Leowardy v. Oakley, Inc.*, No. SACV 07-53 CJC, 2007 U.S. Dist. LEXIS 31229, *5-6 (C.D. Cal. Apr. 10, 2007).[2]

## II.    Plaintiff Has Demonstrated a Plausible Entitlement to Relief Under FACTA.

VSI also attacks Follman's Complaint on the ground that, under the Supreme Court's decsion in *Bell Atlantic*, it fails to plead sufficient facts to state a plausible claim for a willful violation of § 1681c(g). Willfulness in this context is defined to include both reckless and knowing violations of the statute. *Safeco Ins. Co. v. Burr*, 127 S. Ct. 2201, 2208-09 (2007). Follman has sufficiently alleged willfulness under this definition. His Amended Complaint alleges that FACTA was enacted in 2003 and that it gave merchants who accept credit cards three years within which to comply with its requirements. It alleges that VSI was aware of FACTA's truncation requirement because VISA, MasterCard, American Express and JCB – companies that sell cash registers and other devices for the processing of credit cards – informed VSI about that requirement. Further, the Amended Complaint, at ¶¶ 39-41, alleges that:

---

[2]While the question of a private right of action to enforce § 1681c(g) has not been extensively litigated, to this Court's knowledge, every other court to have considered the issue has reached the same conclusion. *See, e.g., Arcilla v. Adidas Promotional Retail Operations, Inc.*, 488 F. Supp. 2d 965, 969 n.1 (C.D. Cal. 2007) ("The Court easily concludes [a private right of action] exists, and other courts have uniformly agreed."); *Aeschbacher v. California Pizza Kitchen, Inc.*, No. CV 07-215-VBF(JWJx), 2007 U.S. Dist. LEXIS 34852, *3 ("the plain language of the statute provides for a private right of action for violations of § 1681c(g)."); *Eskandari v. IKEA U.S. Inc.*, No. SACV 06-1248 JVS (RNBx), 2007 U.S. Dist. LEXIS 23007, *6 ("The Court finds that the plaint language of *Sections 1681c(g)* and *1681n* provides a right of action for consumers.").

The card issuing organizations proceeded to require compliance with FACTA by contract, in advance of FACTA's mandatory compliance date. For example, the August 12, 2006 edition of "Rules for Visa Members" (p. 62), which is distributed to and binding upon all merchants that accept Visa cards, expressly requires that "only the last four digits of an account number should be printed on the customer's copy of the receipt" and "the expiration date should not appear at all." These statements were accompanied by a picture of a receipt showing precisely what had to be removed. VISA required complete compliance by July 1, 2006, five months ahead of the statutory deadline. Defendant accepts Visa cards and is a party to a contract requiring compliance with the above-quoted requirement.

Finally, the Amended Complaint alleges that most of VSI's business peers and competitors readily brought their receipt printing processes into compliance with FACTA. Nevertheless, the Amended Complaint alleges, VSI failed to comply with FACTA, issuing a credit card receipt to plaintiff containing the expiration date of his credit card. The Court finds that these allegations establish a plausible entitlement to relief on Follman's claim that VSI willfully violated the statute.

Follman further argues that it cannot have willfully violated the statute because the requirements of § 1681c(g) are so vague so as to make a willful violation impossible, or that it cannot have willfully violated § 1681c(g) if its actions were consistent with a reasonable interpretation of the statute. The second argument, addressing VSI's interpretation of the statute, is not one the Court will address at this stage; "[o]n a motion to dismiss we are concerned only with the sufficiency of the complaint and defendant's argument goes beyond the complaint, asking us to consider its interpretation of the statute." *Follman v. Hospitality Plus of Carpentersville, Inc.*, No. 07 C 2934, 2007 U.S. Dist. LEXIS 77440, *6 (N.D. Ill. Oct. 17, 2007) (citing *Korman v. Walking Co.*, 503 F. Supp. 2d 755, 761 (E.D. Pa. 2007) ("Defendant's imploration of the Court to determine whether Defendant's interpretation was 'reasonable' is inappropriate here: at the motion to dismiss stage, the Court's only role is to determine whether the *complaint* is sufficient."). With respect to whether the statute is so vague so as to make a willful violation impossible, that argument must also

be rejected. The plain meaning of the statute is that no merchant may print more than the last five

digits of the card number, nor may it print the expiration date of the card on the receipt. *Id.* at *9.

Other courts that have considered the same question have uniformly arrived at the same conclusion.

*See, e.g., id.*; *Arcilla*, 488 F. Supp. 2d at 971 ("the Court . . . holds that § 1681c(g) is not

unconstitutionally vague"); *Aeschbacker*, 2007 U.S. Dist. LEXIS 34852 at *11 ("The plain meaning

of § 1681c(g) is that a retailer may not print more than the last five digits of the credit card number,

and may not print the expiration date. The Court rejects Defendant's argument that the statute is

vague and ambiguous."); *Pirian v. In-N-Out Burgers*, No. SACV 061251 DOC, 2007 U.S. Dist.

LEXIS 25384. *10 (C.D. Cal. Apr. 5, 2007) ("Thus, Section 1681c(g)'s plain language makes it

clear that the statute prohibits both the printing of more than the last five digits of the card number

and the printing of the expiration date. The 'or' simply puts merchants on notice that a violation of

this statute occurs if they print either of these prohibited items - the expiration date or the last five

digits of the card number.").[3]

---

[3]Because the language of the statute is clear, the Court declines VSI's invitation to ignore the canons of statutory construction and look beyond the statute's plain meaning to other materials, including a bill – the Credit and Debit Card Receipt Clarification Act of 2007, H.R. 4008, 110th Cong. (1st Sess. 2007) (the "Bill") – VSI submitted as "supplemental authority." The Bill, which would amend § 1681n, is not yet law and may never be law. While the Bill does suggest that some merchants may have misunderstood the truncation requirement in § 1681c(g), the Bill would *not* amend that section. Instead, the bill proposes the addition of a new subsection to § 1681n, which proposed subsection provides that:

> For the purposes of this section, *any person who printed an expiration date on any receipt* provided to a consumer cardholder at a point of sale or transaction between December 4, 2004 and the date of the enactment of this subsection *but otherwise complied* with the requirements of section 605(g) for such receipt shall not be in willful noncompliance with section 605(g) by reason of printing such expiration date on the receipt.

(emphasis added). Even if the Court were to consider the Bill in reaching its decision in this case, it would only bolster this Court's conclusion that printing an expiration date on any receipt provided to a consumer cardholder constitutes a violation of § 1681c(g).

**III.    A Request for Statutory Damages in the Absence of Actual Injury Does Not Violate Principles of Due Process or Recognized Tort Law.**

VSI next argues that Follman's request for punitive and statutory damages do not comport with "Constitutional Due Process standards" and will be grossly excessive because Follman has not alleged any actual damages in this case.   "A statutory penalty violates due process only where it is 'so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable.'" *Arcilla*, 488 F. Supp. at 972 (quoting *St. Louis, Iron Mt. & S. Ry. Co. v. Williams*, 251 U.S. 64, 66-67 (1919)); see also *State Farm Auto Ins. Co. V. Campbell*, 538 U.S. 408, 416-17 (2003) (punitive damage awards must not be grossly excessive).  As the court recognized in *Arcilla*, it would not be excessive in this case, at the level of a single violation, to award the maximum statutory damages, even to a plaintiff who suffered no pecuniary damages.  *See id.* (citing *Kenro, Inc. v. Fax Daily, Inc.*, 962 F. Supp. 1162, 1167 (S.D. Ind. 1997) ($500 penalty under Telephone Consumer Protection Act not excessive); *Texas v. Am. Blastfax, Inc.*, 121 F. Supp. 2d 1085, 1090 (W.D. Tex. 2000) (following *Kenro*)).  And also like *Arcilla*, the thrust of VSI's argument is not that *one* $1000 "fine" would be grossly excessive, but rather that damages for a class of over 100 plaintiffs poses the risk of a damages ratio of "statutory damages to actual harm" that might be greater than 10,000 : 1.  This concern "is premature, and would be appropriate *at the earliest* in opposition to" a class certification motion.  *Arcilla*, 488 F. Supp. at 973.  VSI has not cited to a single case where a complaint has been dismissed for failure to state a claim because it requested damages in an amount that might hypothetically be excessive.  Accordingly, the request for statutory damages does not require dismissal of the claim for violation of "Constitutional Due Process standards."

VSI also argues that the request for statutory damages is impermissible because it runs afoul of "recognized tort law," which VSI argues, citing *Doe v. Chao*, 540 U.S. 614, 621 (2004), "requires the demonstration of harm from which damages may reasonably be determined." (Mem. In Support of Mtn. to Dismiss at p. 12). In *Doe*, the Court considered a claim for statutory damages under the Privacy Act, which provides:

> In any suit . . . in which the court determines that the agency acted in a manner which was intentional or willful, the United States shall be liable to the individual in an amount equal to the sum of . . . actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $ 1,000 . . .

5 U.S.C. § 552a(g)(4). The Court examined the text of the statute and noted that:

> When the statute gets to the point of guaranteeing the $1,000 minimum, it not only has confined any eligibility to victims of adverse effects caused by intentional or willful actions, but has provided expressly for liability to such victims for "actual damages sustained." It has made specific provision, in other words, for what a victim within the limited class may recover. When the very next clause of the sentence containing the explicit provision guarantees $1,000 to a "person entitled to recovery," the simplest reading of that phrase looks back to the immediately preceding provision for recovering actual damages, which is also the Act's sole provision for recovering anything (as distinct from equitable relief).

*Doe*, 540 U.S. at 620. The Court found that an award of statutory damages required a demonstration of actual damages – but only because of the text of the statute itself. *See id.* at 627 ("The statute guarantees $1,000 only to plaintiffs who have suffered some actual damages."). "At no point did the Court look to 'general principles of tort law' for anything but guidance as to Congress' [sic] intent." *Arcilla*, 488 F. Supp. at 973-74 (citing *Doe*, 540 U.S. at 621-22).

In this case, the Court need not resort to principles of tort law because the intent of Congress is apparent in the plain language of the applicable statute. Section 1681n clearly provides for statutory damages even without actual damages:

(a) Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any *consumer* is liable to that *consumer* in an amount equal to the sum of –

(1)(A) any actual damages sustained by the consumer as a result of the failure *or* damages of not less than $100 and not more than $1000; . . .

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

(emphasis added). The only reasonable interpretation of § 1681n is that a consumer whose rights have been violated may elect to pursue either actual *or* statutory damages, but a showing of actual harm is not necessary to pursue statutory damages. *See Arcilla*, 488 F. Supp. at 974 (same).

Accordingly, "recognized tort law" does not require dismissal of the Amended Complaint.

## CONCLUSION

For the reasons stated herein, VSI's Motion to Dismiss is DENIED.


So ordered.


_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: December 18, 2007

10